UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
SAN BIN LEE,                                          :
:
                       Movant,        :      18-CV-8599 (JMF)
:      13-CR-461-1 (JMF)
      -v-                                            :
:      MEMORANDUM OPINION
UNITED STATES OF AMERICA,                :      AND ORDER
:
                       Respondent.    :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        San Bin Lee was convicted, following a guilty plea, of one count of conspiracy to distribute controlled substances and sentenced principally to seventy-one months' imprisonment, to be followed by three years' supervised release. (Docket No. 116).[1] Proceeding *pro se*, he now moves, pursuant to Title 28, United States Code, Section 2255, to vacate, set aside, or correct his sentence. In particular, he contends that his defense counsel was ineffective for failing to file a notice of appeal, although he instructed him to do so, and for other reasons not relevant here. (Docket No. 149). By Order entered on September 28, 2018, the Court directed Lee to file a declaration within sixty days showing cause why his motion should not be denied as time barred. (Docket No. 150). The Order warned that if Lee failed to do so, his motion would be denied as untimely. (*Id.* at 3). To date, Lee has not filed anything.[2]

---

[1]     Unless otherwise noted, all docket citations are to the criminal case, 13-CR-461-1 (JMF).

[2]     In fairness, Lee may not have received the Court's September 28, 2018 Order. It was mailed to him at the Moshannon Valley Correctional Institution, but was returned as undeliverable. (*See* 18-CV-8599, Oct. 1 and 22, 2018 Text Entries). According to the Bureau of Prisons Inmate Locator, Lee was released from custody on August 14, 2018, three days after he allegedly mailed his Section 2255 motion. He has not updated his address.

In light of the foregoing, Lee's motion is denied as time barred. As the Court noted in its September 28, 2018 Order, a federal criminal defendant seeking relief under Section 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f). Here, Lee's conviction became final on July 31, 2014, following expiration of the fourteen-day period to file a timely notice of appeal after entry of the judgment of conviction. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). Thus, under Section 2255(f)(1), he had one year from that date — until July 31, 2015 — to file a timely motion. Yet he did not place his motion into his prison's mail system until at least August 12, 2018, more than three years after that period expired.

Lee's allegation that counsel was ineffective because he failed to file a notice of appeal does not change that conclusion. Lee does not allege a specific date when he became aware that his counsel failed to file a notice of appeal, but — particularly since Lee attests that he affirmatively requested that counsel file an appeal — "a duly diligent person in [Lee's] circumstances would not have needed three and a half years . . . to discover that counsel had not filed a notice of appeal." *Zapata v. United States*, Nos. 90-CR-0943, 99-CV-0085 (AGS), 2000 WL 1610801, at *2 (S.D.N.Y. Oct. 27, 2000). Thus, the motion is untimely even if the limitations period ran from the date when facts supporting his claim could have been discovered through the exercise of due diligence. *See id.* Nor is there any showing that Lee was pursuing his rights diligently through the limitations period and that some extraordinary circumstance

2

prevented him from timely submitting this motion, as would be required to justify equitable tolling.  *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001).

For the foregoing reasons, Lee's motion is DENIED as time barred.  Lee has not made a substantial showing of the denial of a constitutional right, so a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253; *see also Lozada v. United States*, 107 F.3d 1011, 1015-16 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997).  Additionally, this Court certifies pursuant to Title 28, United States Code, Section 1915(a)(3) that any appeal from this Order would not be taken in good faith, so *in forma pauperis* status is denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close Docket No. 18-CV-8599, to terminate Docket No. 149 in 13-CR-461-1, and to mail a copy of this Memorandum Opinion and Order to Lee.

SO ORDERED.

Date: December 6, 2018
New York, New York

JESSE M. FURMAN
United States District Judge